UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELLIOT GARNER, ET AL. | CIVIL ACTION NO. 21-0228 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF MANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss under FRCP 12(b)(1) and 12(c) and Alternative Motion for Summary Judgment (Record Document 47) filed by Defendant Sheriff Aaron Mitchell ("Sheriff Mitchell"). Plaintiffs Elliot and Rose Garner ("the Garners") opposed the motion (Record Document 49), and Sheriff Mitchell replied to the opposition (Record Document 52). For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of an incident in which a high school student, P.G., was sodomized by a group of males at Many High School on January 31, 2020. See Record Document 26 at 7. After seeing a video of the incident that was posted on the internet, Rose Garner, P.G.'s stepmother, took the recording to Sabine Parish Sheriff's Department to make a report. See id. at 7–8. The Sabine Parish Sheriff's Department did not allow the Garners to make a statement, instead referring them to the City of Many's police department. See id. at 8. Rose Garner then went to the City of Many's police department, where she was told to come back Monday, February 3. See id. Rose Garner left, but returned an hour later and made an unknown officer take a copy of the video.

1

See id. at 9. Rose Garner then called the Louisiana State Police ("LSP") to inform them of the sexual assault, after which the LSP began an investigation. See id.

On January 28, 2021, Elliot Garner, individually and on behalf of his minor child, P.G., and Rose Garner, individually, brought suit against the City of Many, Sheriff Mitchell, several unknown deputies, and others, asserting state-law claims and claims under 42 U.S.C. § 1983 based on alleged violations of equal protection, due process, and the First, Fourth, and Fourteenth Amendments. See Record Documents 1 & 26. Several of these claims have subsequently been dismissed. See Record Documents 36 & 37.

In the present Motion to Dismiss, Sheriff Mitchell seeks dismissal of all claims against him. See Record Document 47. Sheriff Mitchell categorizes the claims against him into five distinct claims: (1) "Failure to investigate and prosecute reports of sexual assault by African American, juvenile, and indigent victims generally in violation of the Fourteenth Amendment's Due Process and Equal Protection clauses" ("Claim One"); (2) "Failure to investigate and prosecute the claimed sexual assault that was perpetrated on January 27, 2020, upon the other minor child by the same students who assaulted P.G. the next day, in violation of the Fourteenth Amendment's Due Process and Equal Protection clauses" ("Claim Two"); (3) "Failure to investigate and adequately prosecute the sexual assault on P.G. (including a conspiracy to do so), in violation of the Fourteenth Amendment's Due Process and Equal Protection clauses" ("Claim Three"); (4) "Violation of the Fourth Amendment when the unidentified Sabine Parish Sheriff deputies entered the Garner home without a warrant or exigent circumstances at some unidentified time after the sexual assault" ("Claim Four"); and (5) "Intentional infliction of emotional distress under Louisiana state law for failing to investigate and prosecute the perpetrators of the

sexual assault on P.G." ("Claim Five"). See id. at 5–6. Sheriff Mitchell argues for the dismissal of these claims under Federal Rules of Civil Procedure 12(b)(1), for lack of standing, and 12(c), for failure to state a claim upon which relief can be granted, or, in the alternative, Sheriff Mitchell seeks summary judgment under Federal Rule of Civil Procedure 56, for lack of evidence to support the claims. See id. at 7.

In their opposition to the motion, the Garners apparently abandon Claims One through Three, listed above, and instead assert that the only claims brought against Sheriff Mitchell are "for the Fourth and Fourteenth Amendment violations and related thereto state law claims under La. C.C. art. 2320." See Record Document 49 at 3. The Garners argue that the pleadings sufficiently state a claim for unlawful entry under the Fourth Amendment and for intentional infliction of emotional distress under Louisiana law. See id. In his reply, Sheriff Mitchell points to the lack of pleadings concerning an unconstitutional policy or practice that could support liability under Section 1983 for any alleged Fourth Amendment violation. See Record Document 52 at 1. Further, Sheriff Mitchell points to the lack of evidence to support the "high standard" for an intentional infliction of emotional distress claim. See id. at 1–2.

## LAW AND ANALYSIS

As mentioned above, the only claims against Sheriff Mitchell that the Garners assert in their opposition are a Section 1983 claim based on the alleged Fourth Amendment violation and an intentional infliction of emotional distress claim. See Record Document 49 at 3. Thus, this Court agrees with Sheriff Mitchell that, to the extent the pleadings can be interpreted to assert claims under the Fourteenth Amendment's due process and equal protection clauses for failure to investigate or prosecute, those claims

3

have been abandoned. See Record Document 52 at 2. There is no argument in the opposition concerning the alleged failure to investigate in Claims One, Two, or Three; further, the Garners admitted in their opposition several material facts that would render such claims untenable. See id.; see Record Document 49-22 at 1–3. Thus, the Motion to Dismiss is **GRANTED** as to Claims One, Two, and Three. Because Claims One, Two, and Three are the only Claims that Sheriff Mitchell contests under Rule 12(b)(1) for lack of subject matter jurisdiction in his motion, the remaining claims will be analyzed under Rule 12(c), or in the alternative Rule 56, only. See Record Document 47-1 at 22–24.

I. **Legal Standards**

   a. **Rule 12(c) Standard**

"Federal Rule of Civil Procedure 12(c) permits any party to move for a judgment on the pleadings, provided the motion is made early enough to avoid delaying trial." NAZ, LLC v. Philips Healthcare, a Div. of Philips Elecs. N. Am. Corp., No. CV 17-2882, 2018 WL 1202570, at *5 (E.D. La. Mar. 8, 2018). "A court may grant a Rule 12(c) motion only if the pleadings evince no disputes of genuine material fact and questions of law alone remain." Id. "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990).

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. See 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In reviewing the adequacy of the pleadings, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

### b. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Further, "the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012).

## II. Analysis

### a. Claim Four: The Garners' Fourth Amendment Claim under Section 1983

Sheriff Mitchell argues that the Garners' Section 1983 claim stemming from an alleged violation of their Fourth and Fourteenth Amendment rights fails as a matter of law. See Record Document 47-1 at 22. With respect to Claim Four, the Garners allege that their Fourth Amendment rights were violated when two unknown deputies entered the Garners' home "without consent, exigent circumstances, or a lawfully obtained warrant." See Record Document 49 at 8. Thus, the Garners assert that Sheriff Mitchell, as the elected policymaker for Sabine Parish Sheriff's Department, should be held responsible under Section 1983 for the deputies' actions. See id.; see Record Document 26 at 32.

It is well established that a suit against a state or municipal employee in their official capacity is treated as a claim against the state or municipal entity itself. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099 (1985). In an official capacity suit, the plaintiff must demonstrate that the enforcement of a custom or policy of the entity caused the alleged violation of plaintiff's rights. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978). A municipal entity is not liable under

6

Section 1983 on the theory of vicarious liability. See id. at 691. Under Monell, a municipal entity may be liable only if its official policy or custom is the "moving force" behind the plaintiff's alleged constitutional right violation. See Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003) (citations omitted). To succeed on a Monell claim against a defendant in their official capacity, and thus against a local government entity, a plaintiff must establish three elements: (1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom. See Valle v. City of Houston, 613 F.3d 536, 541-42 (5th Cir. 2010). Proving these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

      Here, the Garners have failed to plead sufficient facts to establish a Monell claim against Sheriff Mitchell. The Garners admitted in their opposition that Sheriff Mitchell is being sued only in his official capacity. See Record Document 49-22 at 1. Thus, in order to state a plausible claim under Section 1983 against Sheriff Mitchell, the Garners must have alleged "an official policy or custom" adopted by Sheriff Mitchell in the Sabine Parish Sheriff's Department that was the "moving force" behind the alleged constitutional violation. See Valle, 613 F.3d at 541-42. The Garners did not allege such a policy or custom in their pleadings and, even further, admitted in their opposition to the motion: "There is no evidence of an unconstitutional policy or practice of Sheriff Mitchell that was the moving force behind a violation of any of Plaintiffs' constitutional rights." See Record Document 49-22 at 3. Thus, the Garners failed to state a viable Monell claim against

7

Sheriff Mitchell. Instead, the Garners focused their argument on the deputies' allegedly unconstitutional actions in entering the Garners' home without knocking and without permission. See Record Document 49 at 7–8. However, as noted above, Sheriff Mitchell cannot be held vicariously liable for the actions of the deputies under Section 1983. See Monell, 436 U.S. at 691. Because the Garners have not plead sufficient facts to establish a Monell claim against Sheriff Mitchell in his official capacity, the Motion to Dismiss is **GRANTED** as to Claim Four.

### b. Claim Five: The Garners' Intentional Infliction of Emotional Distress Claim under Louisiana Law

Sheriff Mitchell argues that the Garners' intentional infliction of emotional distress claim should be dismissed under Rule 12(c) for failure to state a claim upon which relief can be granted; in the alternative, Sheriff Mitchell asserts that there is no evidence to support the claim under Rule 56. See Record Document 47-1 at 23–25. As an initial consideration, this Court elects to exercise supplemental jurisdiction over the state law claim for intentional infliction of emotional distress under 28 U.S.C. § 1367. See also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 602 (5th Cir. 2009) (holding that district court abuses its discretion when it fails to exercise jurisdiction over remaining state law claims after "a significant amount of judicial resources" have been expended on the litigation). Because the Garners seem to base the intentional infliction of emotional distress claim on the underlying Fourth Amendment violation, which was the basis for Claim Four above, and because of the time and resources already expended on this case, which was filed in federal court in January of 2021, the Court will address Claim Five here.

To state a claim for intentional infliction of emotional distress under Louisiana law, a plaintiff must show: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." See White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. "Liability arises only where the mental suffering or anguish is extreme." Id. at 1210. "Moreover, the [defendant's] conduct must be intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry." Nicholas v. Allstate Ins. Co., 765 So.2d 1017, 1027 (La. 2000). Here, the Garners seem to change the conduct that underlies their claim between the Complaint and their opposition to the Motion to Dismiss: in the Complaint, the claim is apparently based on a failure to investigate the Garners' claims, while in the opposition, the claim is based on the allegedly unlawful entry by the deputies. See Record Document 26 at 16, 18, 35; Record Document 49 at 14. Because the Garners have limited their claims against Sheriff Mitchell to the alleged Fourth Amendment violations, as discussed above, the intentional infliction of emotional distress claim will also be limited to the deputies' conduct relating to the allegedly unlawful entry. See Record Document 49 at 14.

This Court finds that the Garners failed to allege an intentional infliction of emotional distress claim against Sheriff Mitchell, based on the underlying actions of the unknown officers. In their opposition, the Garners assert generally that "[a]ny violation of

9

a constitutionally established right against government intrusion into their private homes" should constitute extreme and outrageous behavior. See id. However, "[c]onduct which is merely tortuous or illegal does not rise to the level of being extreme and outrageous." Nicholas, 765 So.2d at 1025. Thus, a general allegation of unconstitutional conduct is insufficient. Further, with respect to any interaction between P.G. and the officers, the Garners allege that, when P.G. discovered the deputies in his home, the deputies "put their phones/cameras away and exited the home without saying anything further to the child." See Record Document 26 at 29. Such allegations, without more, simply do not show extreme or outrageous conduct sufficient to support a claim for intentional infliction of emotional distress, and thus the claim must be dismissed.

Even if the Garners adequately plead Claim Five, this Court agrees with Sheriff Mitchell that there is no evidence to support a finding of intentional infliction of emotional distress, and thus, summary judgment is proper under Rule 56. In his reply, Sheriff Mitchell refers to the deposition of P.G., the only witness to the deputies' allegedly unlawful entry, to establish the lack of extreme and outrageous behavior. See Record Document 52 at 6. In his deposition, P.G. testified that the officers in his home stated they were responding to a medical distress alarm in the home. See id. (Ex. 1, P.G. Deposition at p.127–28). P.G. further testified that when he told the officers no alarm had sounded, one of the officers said "All right. Have a nice day," and the officers left the home. See id. (Ex. 1, P.G. Deposition at p.129). Additionally, P.G. stated the encounter lasted "about three minutes" and that he did not see the officers taking any pictures. See id. (Ex. 1, P.G. Deposition at p.129). When asked if he felt intimidated by the officers' actions, P.G. said, "A little bit." See id. (Ex. 1, P.G. Deposition at p.130). Notably, P.G. also testified that he

was "not for sure" whether the officers in question worked for the Sabine Parish Sheriff's Department of the City of Many's police department. See id. (Ex. 1, P.G. Deposition at p.128). Viewing the evidence in the light most favorable to the Garners, this Court finds that there is no evidence of extreme and outrageous behavior on behalf of the officers to establish a claim for intentional infliction of emotional distress against Sheriff Mitchell. See Nicholas, 765 So.2d at 1024–25 (noting that Louisiana courts "require truly outrageous conduct before allowing a claim for intentional infliction of emotional distress even to be presented to a jury"). The brevity of the interaction and the lack of any extreme words or physical exchange between the officers and P.G. do not rise to the level of the severity necessary to succeed on a claim of intentional infliction of emotional distress.

Further, to prove IIED, "the conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like." White, 585 So.2d at 1210. No evidence has been presented showing any intent to cause severe emotional distress. The only related allegations consist of the Garners' "unsupported speculation as to why they think the alleged three-minute intrusion occurred." See Record Document 52 at 9. Further, there are no allegations specific to Sheriff Mitchell's own conduct that could rise to the level required for an intentional infliction of emotional distress claim. Instead, the Garners focus solely on the officers' actions, officers who have not been identified by name and who may not even work for the Sabine Parish Sheriff's Department. See Record Document 52 (Ex. 1, P.G. Deposition at p.128). The Garners have not offered any evidence to create a genuine issue of material fact on this claim, and thus, summary judgment is proper. See Gen. Universal Sys., Inc., 379 F.3d at 141 (shifting burden to nonmovant to come forward

11

with evidence after movant demonstrates lack of evidence). Thus, for the above reasons, Sheriff Mitchell's Motion to Dismiss is **GRANTED** as to Claim Five.

## CONCLUSION

For the foregoing reasons, Sheriff Mitchell's Motion to Dismiss (Record Document 47) is **GRANTED**. Thus, all of the Garners' claims against Sheriff Mitchell are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of December, 2022.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT